ORIGINAL

ECF

FILED
SEP 4 2003
U.S. COURT OF
FEDERAL CLAIMS

**UNITED STATES COURT OF FEDERAL CLAIMS**

**PACKARD CONSTRUCTION CORPORATION**

**Plaintiff,**

**v.**

**UNITED STATES,**

**Defendant.**

**No.** 03-2042C

**(Judge ________)**

# COMPLAINT

## Parties

1. Plaintiff, Packard Construction Corporation ("Plaintiff" or "Packard") is a corporation duly organized and existing under the laws of the State of Virginia, with a principal place of business at P.O. Box 305, Newington, VA 22122.

2. Defendant is the United States Government, acting through the Headquarters United States Air Force, Contracting Office, Headquarters, 436th Airlift Wing, Dover Air Force Base, DE 19902-5639 (hereinafter "Defendant" or "Government").

## Jurisdiction

3. This Court has jurisdiction of this action under 28 U.S.C. § 1491, more commonly referred to as the "Tucker Act."

## Facts

4. On August 7, 2000, Department of the Air Force, 436 CONS/LGCA 639 Atlantic Street, Dover Air Force Base, DE 19902-5639 ("Government") issued Solicitation

F07603-00-R8207, requesting proposals for the construction of a new Memorial Affairs facility at Dover Air Force Base.

5. Packard timely submitted its proposal, in response to the Solicitation, in the amount of $533,871.00.

6. The Government in a subsequent telephone conversation stated that the Government's estimate was $346,959.00 and that they considered Packard's bid to be too high.

7. Subsequently, the Government provided Packard with a breakdown of its bid, an analysis of which was forwarded to the Government by Packard on September 7, 2000.

8. During subsequent negotiations between the Government and Packard, the cost of the required fire alarm equipment was discussed. The Government represented to Packard that the cost Packard proposed was too high and that pursuant to its discussions with the required source, Monaco, the price of the equipment would be only $3,000.00

9. On or about September 11, 2000, Packard submitted a revised proposal in the amount of $477,611.00, which included the Government represented price of $3,000.00 for the fire alarm equipment. In arriving at the revised proposal, Packard relied upon the reasonableness and accuracy of the Government estimates, and its representations regarding the cost for the Monaco equipment.

10. On September 19, 2000, the Government accepted Packard's revised bid of $477,611.00. On September 25, 2000, Packard submitted its revised breakdown of the bid, the $477,611.00 to the Government, which showed the bid price for the fire alarm equipment as $3,000, as represented by the Government

11. Subsequently, when Packard went to purchase the Monaco equipment, it was discovered that the cost was significantly higher than the Government's estimate and as

represented by the Government, and which was used by Packard in its lower revised proposal.

12. Packard, on May 24, 2002, filed a claim with the Government in the amount of $5,441.59, which represented the difference between the bid amount and the actual fire alarm equipment cost plus overhead and profit. The claim also requested a contracting officer's Final Decision.

13. On September 6, 2002, the Government issued a final decision denying Packard's claim in its entirety.

14. Plaintiff alleges that it properly and reasonably relied upon the specific representations made by the Government in regard to the cost of the fire alarm equipment that was to be supplied by the Government-directed source, and that based upon these incorrect/false representations, it incurred additional costs for which they are entitled to recover.

**Request for Relief**

WHEREFORE, based on the foregoing, Packard respectfully requests the Court sustain its appeal in its entirety and award Packard $5,441.59, the actual incurred costs for the fire alarm system, costs and disbursements of this action, and all other relief the Court deems just and proper.

Dated: September 3, 2003

Respectfully submitted,

Joseph A. Camardo, Jr.
Law Firm of Joseph A. Camardo, Jr.
Auburn, New York 10321
Tel: (315) 252-3846
Fax: (315) 252-3508

Attorneys for Plaintiff