IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACKARD CONSTRUCTION CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2042C |
| v. | ) | (Judge Bush) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO TRANSFER AND SUGGESTION FOR CONSOLIDATION

Pursuant to Rule 40.2(a) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests the transfer of Packard Construction Corporation v. United States, No. 03-2043C (Judge Block), to this Court[1] and the consolidation of Packard Construction Corporation v. United States, No. 03-2043C (Judge Block), with Packard Construction Corporation v. United States, No. 03-2042C (Judge Bush). Defendant makes this request in order to avoid unnecessary costs and delay.

MOTION TO TRANSFER

A motion to transfer may be initiated by a party "[t]o promote docket efficiency, to conform to the requirements of any case management plan, or for the efficient administration of justice." RCFC 40.1(b). A motion to transfer may be filed when cases are deemed directly-related. RCFC 40.2(a)(3). Cases are deemed directly-related when they involve the same parties and are based on the same or similar claims, or involve the same contract. RCFC 40.2(a)(1).

[1] The requested transfer would move case No. 03-2043C from Judge Block's Court to Judge Bush's Court pursuant to RCFC 40.2(a), which provides that the judge in the earliest-filed case will grant or deny the motion to transfer. RCFC 40.2(a)(3). Although the complaints were filed on the same day, we presume that the earlier-filed case bears the lower case docket number.

Both of the above-cited cases center upon one contract (F07603-00-C8207) between plaintiff, Packard Construction Corporation ("Packard"), and the United States Air Force for the construction of a memorial affairs facility at Dover Air Force Base. The earlier-filed case (No. 03-2042C) is premised upon a dispute about the cost of fire alarm equipment that Packard was responsible for installing under the contract. The later-filed case (No. 03-2043C) rests upon a dispute regarding the Government's assessment of liquidated damages against Packard due to delays in contract completion. These cases are directly-related because they involve the same parties and the same contract. Thus, the later-filed case should be transferred to this Court to promote the efficient administration of justice and protect the consistency of the outcome of both cases.

SUGGESTION FOR CONSOLIDATION

The Government requests consolidation of the two cases pursuant to RCFC 40.2(a)(3), which provides that a suggestion for consolidation of directly-related cases may be made under RCFC 42.1. The Court has discretion to determine whether to allow consolidation. Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 433 (1993). Under Rule 42(a), consolidation is appropriate when actions involving a common question of law or fact are pending before the Court. RCFC 42(a). Moreover, "[t]he appropriateness of consolidating claims depends on whether the interest of judicial economy outweighs the potential for delay, confusion, and prejudice that may result from consolidation." Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 433 (1993) (citing Bank of Montreal v. Eagle Assocs., 117 F.R.D. 530, 532 (S.D.N.Y. 1987)).

The common questions of fact relating to the performance of the contract underlying both

cases make consolidation appropriate. Consolidation of the two cases would avoid unnecessary costs and delay during discovery because many of the witnesses for the later-filed case will also be witnesses for the earlier-filed case, which will increase the expenses of separate discovery in these cases. The potential for delay, confusion, or prejudice is very unlikely given that the witnesses and documentary evidence will overlap substantially in both cases. Indeed, the consolidation of the two cases would prevent delay and unnecessarily duplicative discovery requests.[2] Thus, consolidation of these cases is the most efficient manner in which to proceed and would tend to avoid unnecessary costs and delay.

For the foregoing reasons, this motion to transfer and suggestion for consolidation of these directly-related cases should be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ KATHRYN A. BLEECKER
KATHRYN A. BLEECKER
Assistant Director

---

[2] Given the relatively small size of the claims in both cases, consolidation would avoid the unnecessary costs that would be incurred by adjudicating the two claims separately. For example, the plaintiff requests an award of $5,441.59 in No. 03-2042C, and the remission of liquidated damages in the amount of $45,321.36 in No. 03-2043C.

Of Counsel:
MAJOR LAWRENCE M. ANDERSON
AFLSA-JCAN
1501 Wilson Blvd., Room 606
Arlington, VA 22209
Tel. (703) 696-9319
Fax. (703) 696-9084

s/ ALAN J. LO RE
ALAN J. LO RE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-0277
Fax. (202) 514-8624

October 30, 2003

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on October 30, 2003, a copy of the foregoing "DEFENDANT'S MOTION TO TRANSFER AND SUGGESTION FOR CONSOLIDATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ ALAN J. LO RE